UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STARKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09 CV 499 HEA(LMB) |
| | ) | |
| MICHAEL BOWERSOX,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Christopher Starks for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

### Procedural History

Petitioner is presently incarcerated at South Central Correctional Center in Licking, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. See Resp't Ex. C at 92-96. Petitioner was found guilty after a jury trial of murder in the second degree, assault in the first degree, robbery in the first degree, and three counts of armed criminal action. See id. He was sentenced to concurrent life sentences for the murder and assault convictions, fifteen years for the robbery conviction to be served consecutively, and twenty years for the three armed criminal action convictions to run concurrently with each other

---

[1]Petitioner is currently incarcerated at South Central Correctional Center. Michael Bowersox is Warden of South Central Correctional Center. As such, Michael Bowersox is substituted for Steve Larkins as proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

but consecutively to the sentences imposed for the murder, assault, and robbery convictions. See id.

Petitioner raised one point on direct appeal from the trial court's judgment and sentence. See Resp't Ex. A. Petitioner argued that the trial court plainly erred in allowing the prosecutor, in her final summation, to say that petitioner "wants to get a slap on the wrist." See id. On November 20, 2001, the Missouri Court of Appeals for the Eastern District affirmed the trial court's judgment. See Resp't Ex. E.

On May 16, 2002, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of the City of St. Louis, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. H at 3-6. After the appointment of counsel, petitioner filed an Amended 29.15 Motion and Request for Evidentiary Hearing on August 30, 2002. See id. at 10-23. Petitioner argued that he received ineffective assistance of counsel for the following reasons: (1) trial counsel failed to object to the prosecutor's comments during closing argument that petitioner wanted a "slap on the wrist," and (2) trial counsel failed to inform petitioner that the State had offered him a plea bargain or entered into plea negotiations. See id. The motion court denied petitioner's amended motion for post-conviction relief in all respects after holding an evidentiary hearing on his second claim. See id. at 33-46. Petitioner filed a timely notice of appeal from the denial of post-conviction relief. See id. at 49-51.

In his appeal from the denial of post-conviction relief, petitioner argued that the motion court clearly erred in denying his post-conviction relief motion because trial counsel failed to advise petitioner before trial of the State's pre-trial plea offer. Petitioner also argued that the motion court clearly erred in denying his motion because trial counsel was ineffective for failing to

object when the prosecutor in closing argued that petitioner wanted "a slap on the wrist." See Resp't Ex. F. On January 27, 2009, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. See Resp't Ex. K.

On March 30, 2009, petitioner filed a pro se petition for a writ of habeas corpus, raising the following grounds for relief: (1) the trial court plainly erred in allowing the prosecutor, in her final summation, to say that petitioner wanted a "slap on the wrist;" 2) trial counsel provided ineffective assistance by failing to advise petitioner before trial of the State's pre-trial plea offer; and (3) trial counsel provided ineffective assistance by failing to object when the prosecutor stated that petitioner wanted a slap on the wrist. (Doc. No. 1).

On July 10, 2009, respondent filed a Response to Order to Show Cause, in which he argues that the petition should be denied because petitioner's claims lack merit. (Doc. No. 10).

On September 24, 2009, petitioner filed a Reply, in which he provides additional argument in support of his second ground for relief. (Doc. No. 13).

**Facts**

The sufficiency of the evidence is not in dispute. The murder victim, Henry Lu, and his wife, Zhao Pan Qing, operated a restaurant in the City of St. Louis. Resp't Ex. D at 558. Petitioner frequently ate at the restaurant, and he had become acquainted with them. Id. at 567. On the afternoon of the murder, December 1, 1999, petitioner and a group of his "associates" were standing in front of the restaurant. Id. at 633-34. Mr. Lu informed them that it was bad for business for them to loiter in front of his restaurant, and asked them to leave. Id. at 637. Many of them refused to leave, and officers who came to the restaurant "locked up" some of petitioner's associates. Id. at 634, 638.

Later that day, petitioner met with Darwyn Strong, and they decided to rob Mr. Lu and Ms. Zhao. Id. at 611, 646. Both petitioner and Mr. Strong had loaded guns. Id. at 612-13.

Petitioner and Mr. Strong entered the victims' restaurant a few minute prior to closing time. Id. at 610. Petitioner placed an order for french fries, and Mr. Lu asked his wife to make them, even though it was past closing time. Id. at 564. Ms. Zhao began cooking the fries. Id. at 565.

A few minutes later, Ms. Zhao heard gunshots. Id. at 565. She went to the counter and saw petitioner and Mr. Strong approach the kitchen door. Id. at 566. Ms. Zhao then hid under the refrigerator. Id. at 567. Petitioner kicked open the kitchen door and entered the kitchen. Id. at 476, 567-68. Petitioner fired at Ms. Zhao. Id. at 568. Petitioner then took the cash drawer, which contained over $500.00, and fled. Id. Petitioner and Mr. Strong split the money. Id. at 628.

Mr. Lu died a few hours after the shooting as a result of a gunshot wound to his head. Id. at 461-62.

At the scene, police found seven .25 caliber shell casings. Id. at 483, 488. They also found what appeared to be a .38 caliber bullet. Id. at 530.

On December 3, 1999, the police investigation led officers to an apartment complex just one or two blocks from the victims' restaurant. Id. at 488, 493. The police found the cash drawer from the restaurant. Id. at 489, 569. The police also found a .25 caliber semi-automatic gun hidden in a stove. Id. at 494-98. Subsequent tests revealed that the .25 caliber bullet recovered from the victim's head and two shells recovered from the scene had been fired by this gun. Id. at 528. Petitioner's fingerprints were found on the gun. Id. at 548.

4

That same day, police arrested petitioner and questioned him. Id. at 620. Petitioner gave conflicting stories. Id. at 622. Petitioner then admitted that he had intended to rob the restaurant, and that it was, in fact, his idea. Id. at 621, 647. Petitioner said that he had given away the gun he used to a man he knew only as "Nate." Id. at 642-43. Petitioner admitted that he had to "handle" the victim because the victim knew him. Id. at 651.

## Discussion

### I. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529

U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 1410.

I.  **Petitioner's Claims**

Petitioner raises three grounds for relief. The undersigned will address each ground for relief in turn.

**1.  Ground One**

In his first ground for relief, petitioner argues that the trial court plainly erred in allowing the prosecutor, in her final summation, to say that petitioner wanted a "slap on the wrist."

In defense counsel's closing argument, counsel argued that the jury should find petitioner not guilty of first degree murder because petitioner did not know what Mr. Strong was going to do during the robbery. Resp't Ex. D at 706. Defense counsel stated, "don't think it didn't take something for him to get up there and tell you about what he did, knowing what your job is when you go back to deliberation room." Id. Defense counsel argued that petitioner should not be penalized for the actions of Mr. Strong. Id.

During her closing argument, the prosecutor stated, in relevant part:

Well, let's talk about what this case is really about. This case is about murder in

6

the first degree. That's what this case is about. Now let's talk about what happened that night. We know that Chris Starks, this Defendant, and his buddy, Darwyn Strong talked about going over to the Chinese restaurant. And they go over there with their pistols. Now he wants you to believe that he should be commended or something. I don't think so. I don't think so. *That he should get a slap on the wrist* cause his bullet wasn't the one that killed Henry Lu. Oh, no. No. No. No. Because it was his idea to go over there and they talked about this stuff.

\*\*\*

Now Pan Qing Zhao told you that she saw what went down in that restaurant in the beginning. How this Defendant right here (Indicating) distracted her husband by talking to her and ordering some french fries. That when she went back to cook those fires that's when she heard those shots. And as she was coming up there---there, they are at the screen door trying to get to her. Seven rounds fired into the back of that restaurant. Miracles happen in all kind of ways and that's why we are not here on a double homicide.
*Now he wants to get a slap on the wrist for that*. No. No. Cause it's not right. He needs to take responsibility for his behavior...

Resp't Ex. D at 707-08, 712 (emphasis added).

Defense counsel did not object to the prosecutor's statements at trial.

Petitioner raised this claim in his direct appeal. Specifically, petitioner argued that the trial court plainly erred by entering a judgment and sentence against petitioner after the prosecutor stated that petitioner "wants to get a slap on the wrist." Resp't Ex. A at 8. The Missouri Court of Appeals summarily rejected petitioner's claim, stating: "We have reviewed the briefs of the parties and the record on appeal and conclude the trial court's actions do not constitute plain error under Rule 30.20." Resp't Ex. E at 2.

A prosecutor's improper comments can violate the Fourteenth Amendment if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Barnett v. Roper, 541 F.3d 804, 812 (8th Cir. 2008) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "Federal habeas relief should only be granted if the prosecutor's closing

7

argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). In addition, "[r]elief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement[s]." Barnett, 541 F.3d at 813.

Further, when the state courts review a petitioner's claim solely for plain error, a federal habeas court also reviews for plain error. See Kilmartin v. Dormire, 161 F.3d 1125, 1127 (8th Cir. 1998), cert denied 526 U.S. 1152 (1999); Mack v. Caspari, 92 F.3d 637, 641 (8th Cir. 1996). Under this standard, relief is only available if "manifest injustice resulted" from the alleged errors. See Mack, 92 F.3d at 641; Blackmon v. White, 825 F.2d 1263, 1266 (8th Cir. 1987).

In the instant case, the prosecutor's remarks did not result in manifest injustice. In fact, the prosecutor's comments were not improper. The prosecutor was merely urging the jury to impose the punishment that petitioner deserved based on the evidence rather than what petitioner was claiming the punishment should be. Petitioner is unable to show that the prosecutor's remarks affected the outcome of the trial, especially in light of the substantial evidence presented of his guilt. The evidence the prosecution presented against petitioner included the living victim's eyewitness testimony, petitioner's fingerprints on the murder weapon, and petitioner's incriminating statements to police. The decision of the Missouri Court of Appeals was not contrary to or an unreasonable application of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

### 2. Ground Two

In his second ground for relief, petitioner argues that he received ineffective assistance of

8

counsel in that defense counsel failed to advise him before trial of the State's pre-trial plea offer.

Petitioner raised this claim in his post-conviction relief motion. In connection with petitioner's post-conviction proceedings, the prosecutor stated by affidavit that she offered to reduce the charge of first-degree murder to second-degree murder, and to recommend concurrent life sentences on the charges of second-degree murder, first-degree robbery, and armed criminal action, and to recommend a concurrent fifteen-year sentence for first-degree assault. See Resp't Ex. K at 3-4. A hearing was held on this claim, at which petitioner's trial counsel, petitioner, and petitioner's appellate attorney testified. Resp't Ex. J.

At the hearing, petitioner's trial counsel, Paul Yarns, testified that he did not have a specific recollection of plea discussions he had with petitioner. Id. at 11. Mr. Yarns testified that he had been with the public defender's office for seven years when he represented petitioner, and that he handled approximately a hundred felony cases a year. Id. at 14. Mr. Yarns stated that he could say "with certainty though, [he had] never not conveyed a plea offer that has been made to a client." Id. at 11. Mr. Yarns testified that he had no independent recollection whether a firm plea offer was made in petitioner's case, although if he did receive a firm plea offer, he would have conveyed it to petitioner. Id. at 15. Mr. Yarns stated that he also had no recollection of whether petitioner ever told him he wanted to plead guilty or wanted to convey an offer or counteroffer to the State. Id. at 16.

Petitioner testified that he had asked trial counsel if he had received an offer from the prosecutor of "some time to snatch," and that counsel told him he had not received an offer. Id. at 23. Petitioner stated that he learned there was a plea offer after his trial, and that counsel told him "oh I forgot to tell you it was a plea offer." Id. at 24. Petitioner testified that if he had

9

known of a plea offer and it was something he thought was reasonable, then he would have pled guilty. Id. at 27. Petitioner denied that he committed the crimes for which he was convicted but stated that because somebody died "that [he] was cool with" and he was there, he was willing to serve some time. Id. at 29. When asked if he would have accepted an offer of life imprisonment prior to trial, petitioner first responded, "I probably would have done that." Id. at 31. When asked a second time whether he would have accepted a life sentence, petitioner stated: "I would have snatched some time. I would have snatched time." Id. at 32.

The motion court rejected petitioner's claim, finding that petitioner did not establish by credible testimony a reasonable probability that he would have accepted an offer of life imprisonment. Resp't Ex. H at 45.

Petitioner raised this claim on appeal from the denial of post-conviction relief. Resp't Ex. F. at 15. The Missouri Court of Appeals held as follows:

> Although [petitioner] testified that he "probably would have" accepted a plea offer and that he "would have snatched some time," the credibility of witnesses is the province of the motion court in post-conviction relief proceedings. Miller v. State, 260 S.W.3d 393, 396 (Mo. App. W.D. 2008). We defer to the credibility determinations of the motion court. Id. The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing even if it is not contradicted, and we must defer to the motion court's determination of credibility. Coleman v. State, 256 S.W.3d 151, 155-56 (Mo. App. W.D. 2008). The motion court did not believe [petitioner]'s testimony and we must defer to that determination. Thus, [petitioner] failed to show he would have taken the plea offer.
> Therefore, we find the motion court did not clearly err in denying, after an evidentiary hearing, [petitioner]'s claim that his counsel was ineffective for failing to advise him before trial fo the State's pre-trial plea offer. Point denied.

Resp't Ex. K at 4-5.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent

10

attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689).

Petitioner fails to satisfy either prong of Strickland. Petitioner has failed to demonstrate that trial counsel acted unreasonably because there is no evidence that counsel knew about the plea offer. The evidence presented at the post-conviction relief hearing reveals that the prosecutor conveyed the offer over the telephone to someone named "Jan." Resp't Ex. H at 45. Counsel testified that he had no recollection of the offer. Resp't Ex. J at 15. Counsel stated that if he had received a firm offer, he would have conveyed it to petitioner. Id. This evidence does not establish that counsel knew about a plea offer and failed to convey it to petitioner.

Further, petitioner is unable to demonstrate prejudice. To establish prejudice, petitioner must show a reasonable probability that, absent counsel's failure to convey the offer, he would have accepted the plea. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). The

motion court rejected petitioner's claim, finding that petitioner failed to establish by credible testimony a reasonable probability that he would have accepted an offer of life imprisonment. Resp't Ex. H at 45. Under 28 U.S.C. § 2254(d), findings of fact in state court are presumed correct. Sumner v. Mata, 449 U.S. 539, 547 (1981). A federal court is not to substitute its judgment as to the credibility of witnesses for that of the state court. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. 1984). A post-conviction judge, when deciding whether the moving party would have accepted a plea if it had been communicated, may reject the testimony of the moving party that he would have accepted the offer if the judge concluded that the testimony is not credible because it is "self-serving." See Riggins v. Norris, 238 F.3d 954, 955 (8th Cir. 2001).

In this case, petitioner testified on cross-examination that he would have accepted a plea offer if it was something he thought was reasonable. Resp't Ex. J at 27. Petitioner stated that he did not have a specific amount of time in mind but indicated that if he thought he "could get some time snatched," he would have pled guilty. Id. at 30-31. When asked if he would have pled guilty to a life sentence, petitioner first stated, "I probably would have done that." Id. at 31. Later, when pressed on this issue, petitioner stated only that he "would have snatched some time." Id. at 32. Petitioner denied that he committed the crimes for which he was convicted. Id. at 29. Petitioner's self-serving testimony was equivocal, and does not establish that he would have accepted the plea if it were communicated to him. As such, the decision of the state court finding petitioner's testimony not credible was not unreasonable.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### 3. Ground Three

In his third ground for relief, petitioner argues that trial counsel provided ineffective assistance by failing to object when the prosecutor stated that petitioner wanted a slap on the wrist.

Petitioner raised this claim in his post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> The phrase "a slap on the wrist" is commonly used to described a punishment that is less severe than what is warranted. See In re Carey, 89 S.W.3d 477, 503 (Mo. banc 2002). The motion court correctly found the comment was not beyond the record, did not disparage the defense, and did not incite the prejudices and passions of the jury. The prosecution was seeking to convict [petitioner] of first-degree murder and was appealing to the jury's sense of justice. Urging a jury to impose the most severe penalty is proper argument. State v. Clayton, 995 S.W.2d 468, 480 (Mo. banc 1999). There was not meritorious basis for [petitioner]'s counsel to object so [petitioner]'s counsel could not have been ineffective for failing to make this objection. Worthington v. State, 166 S.W.3d 566, 581 (Mo. banc 2005).
> Therefore, the motion court did not clearly err in denying, without an evidentiary hearing, [petitioner]'s claim that his counsel was ineffective for failing to object when the prosecutor argued in closing that [petitioner] wanted a "slap on the wrist" for what he had done. Point denied.

Resp't Ex. K at 7-8.

The decision of the State court was not contrary to or an unreasonable application of federal law. As previously discussed with regard to petitioner's first ground for relief, the prosecutor's remarks were not improper. The prosecutor was merely urging the jury to impose the punishment that petitioner deserved based on the evidence. Defense counsel did not act unreasonably in failing to make a meritless objection. Further, petitioner is unable to demonstrate prejudice in light of the substantial evidence presented of his guilt.

Accordingly, the undersigned recommends that petitioner's third ground for relief be

denied.

## II. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)(citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Christopher Starks for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 27th day of January, 2012.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE